**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
Civil Action No.:  3:02-2748-10

JUL 2 1 2004

**LARRY W. PROPES, CLERK
COLUMBIA, S.C.**

|                                                                                                          |     |                                    |
| -------------------------------------------------------------------------------------------------------- | --- | ---------------------------------- |
| James Simmons,                                                                                           | )   |                                    |
|                                                                                                          | )   |                                    |
| Plaintiff,                                                                                               | )   |                                    |
|                                                                                                          | )   |                                    |
| vs.                                                                                                      | )   | **PLAINTIFF'S AMENDED COMPLAINT**  |
|                                                                                                          | )   |                                    |
|                                                                                                          | )   |                                    |
| MarkLift Industries, Inc.; Mark Industries, Inc.; Terex Corporation; BPS Equipment Rental and Sales, Inc.;, | )   |                                    |
|                                                                                                          | )   |                                    |
|                                                                                                          | )   |                                    |
| Defendants.                                                                                              | )   |                                    |
|                                                                                                          | )   |                                    |

### THE PARTIES

Plaintiff would respectfully show that:

1.       He is a resident of Sumter County, South Carolina.

2.       The Defendant Mark Industries, Inc. is a corporation organized and existing under the laws of a state other than the state of South Carolina, transacted business in the state of South Carolina, solicited business in the state of South Carolina, and derived a substantial revenue therefrom, and designed, manufactured and sold a hydraulic scissor lift, known as a MarkLift scissor lift, Model M20ESE, Serial number 39019983.

3.       The Defendant MarkLift Industries, Inc. is a corporation organized and existing under the laws of a state other than the state of South Carolina, transacts business in the state of

49

South Carolina, solicits business in the state of South Carolina, and derives a substantial revenue therefrom.

4.    MarkLift Industries, Inc. is a successor corporation to Mark Industries, Inc., the predecessor corporation, having effectively purchased the assets and liabilities of the predecessor corporation, and thus must succeed to the liability of the predecessor corporation, including negligence, warranty and strict liability.

5.    The Defendant Terex Corporation is a corporation organized and existing under the laws of a state other than the state of South Carolina, transacts business in the state of South Carolina, solicits business in the state of South Carolina, and derives a substantial revenue therefrom.

6.    The Defendant Terex Corporation is a successor corporation to Mark Industries, Inc., the predecessor corporation, having effectively purchased the assets and liabilities of the predecessor corporation, and thus must succeed to the liability of the predecessor corporation, including negligence, warranty and strict liability.

7.    The Defendant BPS Equipment Rental and Sales, Inc. is a corporation organized and existing under the laws of a state other than South Carolina, transacts business in the state of South Carolina, solicits business in the state of South Carolina, and derives a substantial revenue therefrom, and contracted to sell to Martin Engineering, Inc., a hydraulic scissor lift, known as a MarkLift scissor lift, Model M20ESE, Serial number 39019983.

## VENUE

8.      This Court has jurisdiction over this dispute by virtue of Title 28 U.S.C. Section 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs.

9.      Venue is properly laid in this Court pursuant to Title 28 U.S.C. Section 1391 because the claims arose in this District.

## FACTS COMMON TO ALL THEORIES OF LIABILITY

10.     In 1990 Defendant Mark Industries, Inc. designed, manufactured and placed into the stream of commerce a hydraulic scissor lift, Model M20ESE, Serial number 39019983.

11.     In 1991 Defendant Terex purchased the assets of Mark Industries, Inc. including, but not limited to, good will, trademarks, trade names, designs and works in progress.

12.     Thereafter, Terex formed a corporation called MarkLift Industries, Inc. for the purpose of receiving the assets it purchased from Mark Industries, Inc.

13.     Terex and MarkLift Industries, Inc. continued to manufacture and sell similar lifts to those of the predecessor company, Mark Industries, Inc.

14.     Terex and MarkLift Industries, Inc. continued to manufacture and sell similar lifts from the same manufacturing facility as the predecessor company Mark Industries, Inc., that is, 205 South Puente Street, Brea, California.

15      Terex and MarkLift Industries, Inc. continued to manufacture and sell similar lifts employing a majority of the same employees previously employed by the predecessor company Mark Industries, Inc.

16.     Terex and MarkLift Industries, Inc. continued to manufacture and sell similar lifts utilizing the same dealer, supplier and customer lists of the predecessor company Mark Industries, Inc.

17.     Terex and MarkLift Industries, Inc. continued to manufacture and sell similar lifts

utilizing the same trade name and logo of the predecessor company Mark Industries, Inc.

18.     Terex and MarkLift Industries, Inc. filed certifications with the state of California and Iowa to do business under the same name as the predecessor company Mark Industries, Inc.

19.     The predecessor company, Mark Industries, Inc. has no meaningful assets to satisfy a judgment on behalf of a products liability plaintiff.

20.     In June 1996 defendant BPS Equipment Sales and Service, Inc. sold the above described scissor lift to Martin Engineering, Inc.

21.     On August 9, 1999 Plaintiff James Simmons was working for GM Mechanical Steel Erectors, a subcontractor for Martin Engineering, Inc. on a project at the Beaufort High School in Beaufort, South Carolina.

22.     Mr. Simmons was working above the ground on the hydraulic scissor lift described above. As he attempted to lower the scissor lift, the platform upon which he was standing, detached from the scissor supports, and fell to the ground. Mr. Simmons was severely injured as a result.

23.     As a result of his injuries, Mr. Simmons suffered injuries to his body including but not limited to injuries to his legs, arms and back.  Further, Mr. Simmons has incurred medical, hospital and doctors bills as a result of the fall. Further, he has incurred and will

continue to incur medical bills for his injuries. Further, Mr. Simmons has suffered and will in the future suffer great physical pain, suffering, mental anguish, emotional distress, and impairment of health and bodily efficiency. Lastly, Mr. Simmons has lost wages as a result of this fall.

### FOR A FIRST THEORY OF LIABILITY AGAINST MARKLIFT INDUSTRIES, INC., & TEREX CORPORATION
(Successor Liability)

24.     As a result of the facts described above, MarkLift Industries, Inc. and Terex Corporation purchased the predecessor corporation Mark Industries, Inc. and

a)      continued the same product line;

b)      were a continuation of the predecessor enterprise;

c)      provided for a continuity of assets;

d)      provided for a continuity of general business operations;

e)      held themselves out as the predecessor corporation;

f)      enjoyed the goodwill of the predecessor corporation and the benefits from continuing to market and sell similar lifts

25.     Mark Industries, Inc., the predecessor company, has no meaningful assets to satisfy a judgment on behalf of a injured products liability plaintiff.

26.     As a successor corporation, MarkLift Industries, Inc. and Terex Corporation succeed to the liability of the predecessor corporation Mark Industries, Inc., including negligence, breach of warranty and strict liability.

### FOR A FIRST CAUSE OF ACTION AGAINST MARK INDUSTRIES, INC., MARKLIFT INDUSTRIES, INC., & TEREX CORPORATION
(Negligence)

27. Defendants Mark Industries, Inc., MarkLift Industries, Inc., and Terex Corporation were negligent, careless, wilful, wanton, and reckless in the following particulars:

a. In failing to properly design the hydraulic scissor lift;

b. In failing to properly manufacture the hydraulic scissor lift;

c. In failing to warn users of safety hazards associated with the design and manufacture of the hydraulic scissor lift;

d. In failing to incorporate appropriate materials in the construction of the hydraulic scissor lift.

e. In failing to incorporate a proper corrosion prevention system into the design of the hydraulic scissor lift.

f. In failing to properly test the hydraulic scissor lift.

28. The injuries and damages suffered by Mr. James Simmons were directly and proximately caused by the above negligent and reckless acts of Defendants.

**FOR A SECOND CAUSE OF ACTION AGAINST MARK INDUSTRIES, INC.,
MARKLIFT INDUSTRIES, INC., & TEREX CORPORATION**
(Strict Liability)

29. At the time of manufacture, the hydraulic scissor lift was defective and unreasonably dangerous in that it would foreseeably corrode in a catastrophic manner. After the hydraulic scissor lift left the control of Mark Industries, Inc., MarkLift Industries, Inc., and Terex Corporation, there were no modifications to the hydraulic scissor lift.

30. Due to its design and manufacturer, the hydraulic scissor lift was in a defective condition and unreasonably dangerous when sold by the defendants Mark Industries, Inc., MarkLift Industries, Inc., and Terex Corporation.

31.     Mr. Simmons' injuries and damages were directly and proximately caused by the defective and unreasonably dangerous condition of the hydraulic scissor lift.

**FOR A THIRD CAUSE OF ACTION AGAINST MARK INDUSTRIES, INC.,
MARKLIFT INDUSTRIES, INC., & TEREX CORPORATION**
(Implied Warranty)

32.     By virtue of sale of the hydraulic scissor lift for use by an ultimate consumer, the defendants Mark Industries, Inc., MarkLift Industries, Inc., and Terex Corporation impliedly warranted to the Plaintiff that the hydraulic scissor lift was merchantable and fit for the purpose intended.

33.     The hydraulic scissor lift, in fact, was not merchantable nor fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous.

34.     As a direct and proximate result of the breach of the implied warranty of merchantability by defendants Mr. Simmons suffered injuries and damages.

**FOR A FIRST CAUSE OF ACTION AGAINST BPS EQUIPMENT RENTAL AND
SALES, INC.**
(Negligence)

35.     Defendant BPS Equipment Rental and Sales, Inc. was  negligent, careless, wilful, wanton, and reckless in the following particulars:

      a.     In failing to properly inspect the hydraulic scissor lift;

      b.     In failing to properly test the hydraulic scissor lift;

      c.     In failing to warn users of safety hazards associated with the design and manufacture of the hydraulic scissor lift;

d.     In failing to incorporate appropriate materials in the construction of the hydraulic scissor lift.

e.     In failing to incorporate a proper corrosion prevention system into the design of the hydraulic scissor lift.

36.     The injuries and damages suffered by Mr. James Simmons were directly and proximately caused by the above negligent and reckless acts of BPS Equipment Rental and Sales, Inc.

**FOR A SECOND CAUSE OF ACTION AGAINST BPS EQUIPMENT RENTAL AND SALES, INC.**
(Strict Liability)

37.     At the time of manufacture, the hydraulic scissor lift was defective and unreasonably dangerous in that it would foreseeably corrode in a catastrophic manner.

38.     At the time BPS Equipment Rental and Sales, Inc. sold the hydraulic scissor lift, and placed the lift in the stream of commerce, there were no modifications to the hydraulic scissor lift.

39.     Due to its design and manufacturer, the hydraulic scissor lift was in a defective condition and unreasonably dangerous when sold by the defendant BPS Equipment Rental and Sales, Inc.

40.     Mr. Simmons' injuries and damages were directly and proximately caused by the defective and unreasonably dangerous condition of the hydraulic scissor lift.

**FOR A THIRD CAUSE OF ACTION AGAINST BPS EQUIPMENT RENTAL AND SALES, INC.**
(Implied Warranty)

41.    By virtue of sale of the hydraulic scissor lift for use by an ultimate consumer, the defendant BPS Equipment Rental and Sales, Inc. impliedly warranted to the Plaintiff that the hydraulic scissor lift was merchantable and fit for the purpose intended.

42.    The hydraulic scissor lift, in fact, was not merchantable nor fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous.

43.    As a direct and proximate result of the breach of the implied warranty of merchantability by defendant BPS Equipment Rental and Sales, Inc., Mr. Simmons suffered injuries and damages.

WHEREFORE, the Plaintiff prays for judgement against the Defendants in a sum sufficient to adequately compensate him for his actual damages, for such punitive damages as a jury may reasonably award, for the cost of this action, and for such other and further relief as this court may deem just and proper.

JOHN D. KASSEL, ATTORNEY AT LAW, L.L.C.

By: _____

John D. Kassel Fed Id No 2278
Thelle M. Branham Fed Id No 7614

1703 Richland Street
Post Office Box 1476
Columbia, South Carolina 29202
Attorneys for Plaintiff

July 21, 2004
Columbia, South Carolina

Page -9-